1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10  IVAN TURNER,

11          Plaintiff,                    No. CIV S-07-2168 LEW DAD P

12      vs.

13  M.C. KRAMMER, et al.,

14          Defendants.                   ORDER

15  _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17  U.S.C. § 1983 and has paid the $350.00 filing fee.  This proceeding was referred to the

18  undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

19          The court is required to screen complaints brought by prisoners seeking relief

20  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

21  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

24  U.S.C. § 1915A(b)(1) & (2).

25          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

7   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

9   Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

10  355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

11  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

12  must contain factual allegations sufficient "to raise a right to relief above the speculative level."

13  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

14  accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

15  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

16  plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

17  (1969).

18          The Civil Rights Act under which this action was filed provides as follows:

19          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
20          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
21          law, suit in equity, or other proper proceeding for redress.

22  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

23  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

24  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

25  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

26  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

2

1  omits to perform an act which he is legally required to do that causes the deprivation of which

2  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3         Moreover, supervisory personnel are generally not liable under § 1983 for the

4  actions of their employees under a theory of respondeat superior and, therefore, when a named

5  defendant holds a supervisorial position, the causal link between him and the claimed

6  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

7  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

8  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

9  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

10  Cir. 1982).

11         In the present case, plaintiff has identified as defendants Warden M.C. Krammer;

12  Associate Warden Linda Rianada; Chief Medical Officer Paramir S. Sohota; Dr. John Dunlock;

13  Medical Technician Melissa Fuller; and Medical Technician Darlene Garza.

14         Plaintiff alleges that, on February 17, 2005, he requested medical attention and

15  treatment for a bullet lodged in his right arm.  (Compl. at 3.)  Plaintiff claims that defendant

16  Dunlock informed him that there was no need to remove the bullet because it was lodged

17  between bone and flesh and was not touching anything.  (Id.)

18         Plaintiff alleges that, on March 15, 2006, he requested medical attention because

19  the bullet had moved, and he was experiencing constant pain in his arm.  Plaintiff alleges that his

20  arm was starting to weaken and deteriorate.  Plaintiff further alleges that he only received muscle

21  relaxers in response to his complaint.

22         Plaintiff alleges that, on July 25, 2006, he submitted another request for medical

23  attention for persisting pain that had taken over his entire right side.  Plaintiff contends that

24  defendant Dunlock considered his request routine and noted that plaintiff's arm was weak and

25  showed muscle atrophy.

26  /////

1      Plaintiff alleges that, on February 21, 2007, he submitted another medical request,

2  complaining that his condition has worsened, and he could not use his right hand.  Plaintiff

3  alleges that medical staff at the prison thought his condition was caused by a neck injury.

4      On February 28, 2007, plaintiff was taken to U.C. Davis Medical Center for a

5  neuro-surgery consultation.  However, plaintiff alleges that once there, Dr. Muizelaar informed

6  him that there was nothing wrong with his neck.  The MRI revealed that plaintiff's ulnar nerve

7  had been damaged due to the bullet in his right arm.

8      Plaintiff alleges that he is in constant pain, he has permanent nerve damage, and

9  he is unable to flex, grab, or grip anything for any length of time.  Plaintiff concludes that

10  defendants have violated his Eighth Amendment rights and requests declaratory relief, monetary

11  damages, and costs of the suit.

12      The allegations in plaintiff's complaint are so vague and conclusory that the court

13  is unable to determine whether the current action is frivolous or fails to state a claim for relief.

14  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

15  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

16  the defendants and must allege facts that support the elements of the claim plainly and succinctly.

17  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

18  with at least some degree of particularity overt acts which defendants engaged in that support his

19  claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

20  8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

21  amended complaint.

22       If plaintiff files an amended complaint, he is advised that in Estelle v. Gamble,

23  429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute

24  cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level

25  of "deliberate indifference to serious medical needs."  In applying this standard, the Ninth Circuit

26  has held that before it can be said that a prisoner's civil rights have been abridged, "the

4

1    indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or

2    'medical malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d

3    458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

4           In addition, plaintiff is advised that he must allege facts demonstrating how

5    defendants' actions rose to the level of "deliberate indifference."  In this regard, plaintiff must

6    allege in specific terms how defendants Krammer, Rianada, Sohota, Dunlock, Fuller, and Garza

7    were involved in the denial of his medical care.  With the exception of a few general allegations

8    about defendant Dunlock, plaintiff's original complaint fails to allege any specific causal link

9    between the actions of the named defendants and the claimed constitutional violations.  Plaintiff

10   is advised that there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative

11   link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode,

12   423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

13   F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil

14   rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

15          Plaintiff is informed that the court cannot refer to a prior pleading in order to

16   make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

17   complaint be complete in itself without reference to any prior pleading.  This is because, as a

18   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

19   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

20   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

21   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

22          Accordingly, IT IS HEREBY ORDERED that:

23          1.  Plaintiff's complaint is dismissed.

24          2.  Plaintiff is granted thirty days from the date of service of this order to file an

25   amended complaint that complies with the requirements of the Civil Rights Act, the Federal

26   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: December 18, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
will2461.14