1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   IVAN TURNER,

11        Plaintiff,                    No. CIV S-07-2168 JAM DAD P

12     vs.

13   M.C. KRAMMER, et al.,

14        Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  On July 2, 2008, defendant Dunlap moved to dismiss this

18   action, arguing that plaintiff failed to exhaust available administrative remedies prior to bringing

19   suit.  Plaintiff has filed an opposition to defendant's motion.  Defendant has filed a reply.

20   Plaintiff has also filed an unauthorized response to defendant's reply.  See Local Rule 78-230(m).

21                              **BACKGROUND**

22        Plaintiff is proceeding on an amended complaint against defendant John T.

23   Dunlap.  In his amended complaint, plaintiff alleges that the defendant was deliberately

24   indifferent to his medical needs in violation of the Eighth Amendment.  Specifically, plaintiff

25   alleges that defendant Dunlap failed to provide him with adequate medical care for a bullet that

26   was lodged in his arm.  According to plaintiff, he repeatedly complained to defendant Dunlap

1

about a burning pain in his elbow, but the defendant told him that the bullet was nothing to be concerned about because it was lodged between flesh and nerve.  Plaintiff alleges that defendant Dunlap waited more than eighteen months before he requested a referral for plaintiff to see a neurosurgeon.  Plaintiff notes that he eventually went to U.C. Davis to have the bullet removed. However, by this time, plaintiff alleges that he had lost all feeling and strength in his right hand and arm.

## THE PARTIES' ARGUMENTS

I. <u>Defendant's Motion</u>

Counsel for defendant Dunlap argues that this action should be dismissed because plaintiff did not exhaust his inadequate medical care claim.  Specifically, counsel argues that plaintiff filed two relevant grievances during the time defendant Dunlap was allegedly deliberately indifferent to plaintiff's medical needs.  First, plaintiff filed Appeal 06-00705, requesting an MRI for spinal pain.  Counsel argues that this appeal does not concern the allegations in plaintiff's complaint in this action, and in any event, plaintiff only pursued this appeal through the second level of review.  Second, plaintiff filed Appeal 06-01444, concerning his decreasing ability to use his right arm as a result of lead poisoning and the bullet in his arm. Counsel argues that plaintiff withdrew this appeal on November 17, 2006.  (Def.'s Mot. to Dismiss at 3-4; Casey Decl 1-2; Grannis Decl. 1-2.)

Counsel for defendant concludes that plaintiff failed to exhaust administrative remedies before bringing this suit.  Accordingly, counsel concludes that the court should grant the instant motion to dismiss.  (Def.'s Mot. to Dismiss at 4-5.)

II. <u>Plaintiff's Opposition</u>

Plaintiff has filed an opposition to defendant's motion to dismiss arguing that the motion is untimely and that the court should stay this action to allow him to exhaust his administrative remedies.  (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 1.)  First, plaintiff argues that defendant failed to file the instant motion to dismiss within the time frame allowed by Local Rule

78-230(m).  Plaintiff argues that defendant's failure to file a timely motion should be considered failure to prosecute, and the court should proceed straight to the merits of plaintiff's claims.  (Id. at 5-6.)  Second, plaintiff argues that defendant violated his rights under the Eighth Amendment and that fundamental fairness demands that the court stay this action while he exhausts administrative remedies.  Plaintiff maintains that a jury should be allowed to determine the proper relief in this matter.  (Id. at 6-8.)  Plaintiff has attached to his opposition correspondence from prison officials that shows that he has recently filed administrative grievances regarding his medical needs.  (Id., Ex. A.)

III.  Defendant's Reply

         In reply, counsel for defendant argues that the instant motion to dismiss is timely.  The Waiver of Service of Summons defendant returned states that he had 60 days after May 6, 2008 to file a response to plaintiff's amended complaint.  Defendant timely filed the instant motion to dismiss on July 2, 2008.  As to the merits of the pending motion, counsel for defendant Dunlap argues that exhaustion must be complete before filing suit.  Where, as here, plaintiff has not fully exhausted his claims before filing his suit, the court must dismiss his complaint without prejudice.  (Def.'s Reply at 2.)

**ANALYSIS**

I.  Legal Standards Applicable to a Motion to Dismiss Pursuant to Non-Enumerated Rule 12(b)

         By the Prison Litigation Reform Act of 1995 (PLRA), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

/////

1    The Supreme Court has ruled that exhaustion of prison administrative procedures

2 is mandated regardless of the relief offered through such procedures.  Booth v. Churner, 532 U.S.

3 731, 741 (2001).  The Court has also cautioned against reading futility or other exceptions into

4 the statutory exhaustion requirement.  Id. at 741 n.6.  Because proper exhaustion is necessary, a

5 prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise

6 procedurally defective administrative grievance or appeal.  Woodford v. Ngo, 548 U.S. 81, 83

7 (2006).

8    In California, prisoners may appeal "any departmental decision, action, condition,

9 or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code

10 Regs. tit. 15, § 3084.1(a).  Most appeals progress from an informal review through three formal

11 levels of review.  See Cal. Code Regs. tit. 15, § 3084.5.  A decision at the third formal level, also

12 referred to as the director's level, is not appealable and will conclude a prisoner's administrative

13 remedy.  Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2).  A California prisoner is

14 required to submit an inmate appeal at the appropriate level and proceed to the highest level of

15 review available before filing suit.  Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005);

16 Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

17    As noted above the PLRA exhaustion requirement is not jurisdictional but rather

18 creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion.

19 Jones v. Bock, 549 U.S. 199, ___, 127 S. Ct. 910, 921 (2007) ("[I]nmates are not required to

20 specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d

21 1108, 1117-19 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003).  The

22 defendant bears the burden of raising and proving the absence of exhaustion.  Wyatt, 315 F.3d at

23 1119.  "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court

24 may look beyond the pleadings and decide disputed issues of fact."  Id.  "[I]f the district court

25 looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to

26 exhaust–a procedure closely analogous to summary judgment–then the court must assure that

4

1    [the prisoner] has fair notice of his opportunity to develop a record."[1] <u>Id.</u> at 1120 n.14.  When

2    the district court concludes that the prisoner has not exhausted administrative remedies, "the

3    proper remedy is dismissal of the claim without prejudice." <u>Id.</u> at 1120.  <u>See also</u> <u>Lira v. Herrera</u>,

4    427 F.3d 1164, 1170 (9th Cir. 2005), <u>cert.</u> <u>denied</u> ___ U.S. ___, 127 S. Ct. 1212 (2007).  On the

5    other hand, "if a complaint contains both good and bad claims, the court proceeds with the good

6    and leaves the bad." <u>Jones</u>, 127 S. Ct. at 924.

7    II.  <u>Discussion</u>

8                 In this case, the court finds that plaintiff failed to exhaust his inadequate medical

9    care claim against defendant Dunlap before bringing this action.  Specifically, plaintiff failed to

10   pursue any administrative grievance through the director's level of review regarding defendant

11   Dunlap's alleged deliberate indifference to his medical needs.  <u>See</u> 42 U.S.C. § 1997e(a) ("[n]o

12   action shall be brought with respect to prison conditions under section 1983 of this title, or any

13   other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

14   such administrative remedies as are available are exhausted.").  Plaintiff filed two grievances

15   during the relevant time period he sought and received care from defendant Dunlap.  However,

16   plaintiff pursued Appeal 06-00705 only through the second level of review and voluntarily

17   withdrew Appeal 06-01444 before reaching the director's level of review.  (Casey Decl. at 2 &

18   Exs. A & B.)  Although plaintiff has recently filed administrative grievances with respect to his

19   medical treatment, it is well established that a court is required to dismiss an action without

20   prejudice where a prisoner fails to exhaust administrative remedies <u>prior</u> to filing suit.  <u>See</u>

21   <u>Vaden v. Summerhill</u>, 449 F.3d 1047, 1051 (9th Cir. 2006) (a prisoner "may initiate litigation in

22   federal court only after the administrative process ends and leaves his grievances unredressed");

23   <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002) (rejecting prisoner's request for a stay

24   so that he could pursue exhaustion of administrative remedies).

25

26            [1] Plaintiff was notified of the requirements for opposing a motion to dismiss brought
pursuant to non-enumerated Rule 12(b) on May 1, 2008.  (Order filed May 1, 2008 at 3-4.)

1    As noted above, the defendant bears the burden of raising and proving the

2    affirmative defense of failure to exhaust administrative remedies.  Jones, 127 S. Ct. at 921;

3    Wyatt, 315 F.3d at 1117-19 & nn.9 & 13.  Defendant Dunlap has carried that burden in this

4    instance and therefore, the instant motion to dismiss should be granted.[2]

5                                    **CONCLUSION**

6    In accordance with the above, IT IS HEREBY RECOMMENDED that:

7    1.  Defendant Dunlap's July 2, 2008 motion to dismiss be granted; and

8    2.  This action be dismissed without prejudice for plaintiff's failure to exhaust

9    available administrative remedies before bringing the action.

10   These findings and recommendations are submitted to the United States District

11   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

12   days after being served with these findings and recommendations, any party may file written

13   objections with the court and serve a copy on all parties.  Such a document should be captioned

14   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

15   shall be served and filed within ten days after service of the objections.  The parties are advised

16   that failure to file objections within the specified time may waive the right to appeal the District

17   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18   DATED: August 12, 2008.

19

20                                    _____
                                      Dale A. Drozd
21   DAD:9                            DALE A. DROZD
     turn2168.57                      UNITED STATES MAGISTRATE JUDGE
22

23        [2] To the extent that plaintiff argues the instant motion to dismiss is untimely, he is in
     error.  Plaintiff is advised that, under Rule 4 of the Federal Rules of Civil Procedure, "[a]
24   defendant, who, before being served with process, timely returns a waiver need not serve an
     answer to the complaint until 60 days after the request was sent. . . ."  Fed. R. Civ. P. 4.  On June
25   19, 2008, defendant Dunlap returned his waiver of service of summons, which in turn required
     him to file an answer or motion under Rule 12 within 60 days of May 6, 2008.  Defendant
26   Dunlap timely filed the instant motion to dismiss on July 2, 2008.

                                          6